**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1775

GILBERT WAMBO FRANCIS KAMGA,

Petitioner,

v.

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-646-050)

Submitted: April 7, 2008              Decided: May 6, 2008

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICES OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, Aimee J. Frederickson, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gilbert Wambo Francis Kamga, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the Board affirmed the immigration judge's ruling without opinion, we review the immigration judge's decision as the final agency determination. Lin-Jian v. Gonzales, 489 F.3d 182, 187 (4th Cir. 2007).

Kamga challenges the immigration judge's finding that his testimony was not credible and that he otherwise failed to meet his burden of proving his eligibility for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted), and we uphold a negative credibility determination if it is supported by substantial evidence. Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the immigration judge's decision. We find that substantial evidence supports the immigration judge's adverse credibility finding and the ruling that Kamga failed to establish past persecution or a well-founded fear of future persecution, as necessary to establish

eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2007) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover, as Kamga cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum—even though the facts that must be proved are the same—an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.A.] § 1231(b)(3) [(West 2005)].").

We also find that substantial evidence supports the finding that Kamga is not entitled to relief under the Convention Against Torture. To obtain such relief, an applicant must establish "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2007). We find the immigration judge applied the proper standard to assess the evidence, and Kamga failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -